IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JIMMY ANDREW DAVIS | § | |
| v. | § | CIVIL ACTION NO. 6:15cv858 |
| GREG TAYLOR, ET AL. | § | |

## MEMORANDUM ADOPTING IN PART REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Jimmy Davis, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Anderson County Jail. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are jail officials Sgt. Jones, Lt. Choates, Captain Sharp, Sgt. Conner, Officer Martinez, Officer Laza, Officer Lumpkin, Sgt. Carmichael, and Sheriff Taylor.

Davis complained that he passed out on the floor of the jail on March 17, 2014. Officer Laza picked him up and put him in a wheelchair, and then placed him in a holding cell for several hours. The following day, Davis slipped and fell coming out of the shower. Officer Lumpkin was working the floor. Davis was left to lay in a puddle of water from 8 a.m. to 2 p.m. Several supervisors were present during the day when this happened. He filed grievances to Sheriff Taylor.

The Defendants were served with process and file a motion to dismiss, to which Davis did not file a response. After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted. The Magistrate Judge concluded that Davis' complaint did not contain sufficient factual matter, accepted as true, to state a claim to relief which was plausible on its face.

1

In his objections, Davis speculates that there should be some video cameras which recorded the incidents. He states, in a conclusory manner, that Jones, Choates, Conner, Martinez, Laza, Lumpkin, Carmichael, and Taylor willingly committed acts of deliberate indifference. He goes on to state "Lumpkin sit [sic] there watching me in much pain and agony, bleeding out the back of my head, on the cell floor, and in a whole puddle of water he just looked at me, and they turned up the air-condition [sic] on me, and left me laying there, I was paralyzed in pain and could not move. My Eighth Amendment was violated. My Fourteenth Amendment was violated too." Davis does not state any specific facts concerning any of the other defendants.

Upon review of the Plaintiff's pleadings and objections, the Court has concluded that Davis has stated a potential claim against Officer Lumpkin. *See* Terry v. Inocencio, 633 F.App'x 281, 2016 U.S. App. LEXIS 2446 (5th Cir., February 12, 2016) (given plaintiff's *pro se* status, district court should have construed objections as a motion for leave to amend the complaint), *citing* United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996). The Magistrate Judge properly recommended that the remaining Defendants be dismissed from the lawsuit.

The Court has conducted a *de novo* review of the pleadings and objections in this case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct in recommending the dismissal of the Defendants Sgt. Jones, Lt. Choates, Captain Sharp, Sgt. Conner, Officer Martinez, Officer Laza, Sgt. Carmichael, and Sheriff Taylor. In light of the Plaintiff's objections, he should be allowed to proceed with his claims against Officer Lumpkin. It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 43) is **ADOPTED** as the opinion of the District Court insofar as this Report recommends dismissal of the Defendants Sgt. Jones, Lt. Choates, Captain Sharp, Sgt. Conner, Officer Martinez, Officer Laza, Sgt. Carmichael, and Sheriff Taylor. It is further

**ORDERED** that the motion to dismiss filed by the Defendants (docket no. 28) is **GRANTED** as to the Defendants Sgt. Jones, Lt. Choates, Captain Sharp, Sgt. Conner, Officer Martinez, Officer Laza, Sgt. Carmichael, and Sheriff Taylor. This motion is **DENIED** as to the Defendant Officer Lumpkin. It is further

**ORDERED** that the Defendant Officer Lumpkin shall have 60 days from the date of entry of this order in which to file any motion for summary judgment which he may have limited to the defense of exhaustion of administrative remedies. All other deadlines set out in the scheduling order (docket no. 19) shall be calculated in the same way, effective as of the date of entry of this order.

So **ORDERED** and **SIGNED** this **19** day of **December, 2016.**

_____
Ron Clark, United States District Judge