IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JIMMY ANDREW DAVIS #2019157 | § | |
| v. | § | CIVIL ACTION NO. 6:15cv858 |
| GREG TAYLOR, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION<br>OF THE UNITED STATES MAGISTRATE JUDGE<br>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Jimmy Andrew Davis Jr., proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Anderson County Jail. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Davis named Sheriff Greg Taylor, Captain Sharp, Lt. Choates, Sgt. Carmichael, Officer Laza, Officer Lumpkin, Sgt. Jones, Sgt. Conner, and Officer Martinez. Of these, all except for Officer Lumpkin have previously been dismissed.

**I. The Plaintiff's Claims**

Davis complained that on March 17, 2014, he passed out on the floor of his cell, Separation Cell No. 5. An officer came and got him off the floor, and Officer Laza put him in a wheelchair. He was put in a holding cell and stayed there from 6 a.m. until 1:15 p.m.

The next day, Davis stated that he slipped and fell coming out of the shower. Officer Lumpkin was working the floor. Lumpkin left Davis laying in a puddle of water from 8 a.m. until 2 p.m. instead of getting him medical care. Jones, Choates, Sharp, Conner, and Martinez were also present.

**II. The Defendants' Motion for Summary Judgment and the Plaintiff's Response**

After the other Defendants were dismissed, Officer Lumpkin filed a motion for summary judgment based on the failure to exhaust administrative remedies. Lumpkin argued that Davis did not file any grievances concerning the incidents forming the basis of the lawsuit. While Davis did file two inmate service requests, which Lumpkin says are different from grievances, these inmate service requests do not mention Lumpkin or laying on the floor in a puddle of water for six hours. Lumpkin also asserts that Davis did not take any appeals to the Sheriff.

Officer Lumpkin furnished summary judgment evidence in the form of the two inmate service request forms filed by Davis. The first of these was dated March 16, 2014, and asked to take a polygraph test apparently relating to the charges for which he is in jail. The second was dated March 17 and complained that Davis' back, neck, and head has been injured. The response indicated that Davis had been seen by the medical staff on March 17 and March 18 with no problems noted.

After providing a copy of the Anderson County Jail's grievance plan, the summary judgment evidence also included medical logs showing that Davis was seen in the clinic on March 17 with a complaint of neck and back pain, but he had no problems walking or moving his extremities and had good range of motion and flexibility. An entry the next day states that Davis asked about skin cream and was told he could purchase it in the commissary.

In his response to the motion for summary judgment, Davis complains that he has asked the Court to subpoena the video footage from the security cameras, but this has not been done. He claims that he did file grievances and exhaust his administrative remedies, but the Defendants did not want to present a copy of this grievance because it would be incriminating. Davis states that he does not have a copy of the grievance because the Sheriff is lazy and does not answer them. He accuses counsel for the Defendants of making up false statements and claims that the Court is "very biased" and "has pretty much leaned toward the defendants and their violations of people's rights."

2

**III. The Report of the Magistrate Judge**

After review of the pleadings and the summary judgment evidence, the Magistrate Judge issued a Report recommending that the Defendant's motion for summary judgment be granted. The Magistrate Judge observed that under the Anderson County Jail grievance plan, prisoners may file grievances by placing them in a grievance box or giving them to a jailer to forward to the lieutenant. Appeals are made to the jail captain and a further appeal may be made to the sheriff, whose decision is final.

The summary judgment evidence showed that Davis did not file any grievances regarding the incidents forming the basis of his lawsuit and did not take any appeals to the captain or the Sheriff. The inmate service requests filed by Davis did not mention Officer Lumpkin or Davis allegedly being left in a puddle of water for six hours.

Although Davis made conclusory assertions of exhaustion, the Magistrate Judge determined that such assertions are insufficient to overcome the summary judgment evidence presented by the Defendant. *See Kidd v. Livingston*, 463 F.App'x 311, 2012 U.S. App. LEXIS 3970, 2012 WL 614372 (5th Cir., February 28, 2012) (conclusory assertion of exhaustion and production of an unprocessed Step Two grievance form did not create a genuine dispute as to Plaintiff's exhaustion of this grievance); *Boudreaux v. Swift Transportation Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence is not sufficient to oppose a properly supported motion for summary judgment). The Magistrate Judge therefore determined that Davis failed to exhaust his administrative remedies. *Ryan v. Phillips*, 588 F.App'x 477, 2014 U.S. App. LEXIS 5087, 2014 WL 1346550 (5th Cir., March 18, 2014) (conclusory and unsubstantiated assertion that prisoner initiated the applicable grievance procedure was insufficient to refute the lack of evidence that prisoner filed any grievances).

**IV. The Plaintiff's Objections**

After setting out the standards applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6), Davis argues that his factual allegations should be considered as true and his pleadings

should be read liberally. He asks what is the purpose of having video cameras if the footage cannot be submitted into evidence. Davis maintains that he is entitled to damages for the Defendant's breach of duty and that "law enforcement officials should be held accountable for what they don't do."

With regard to exhaustion, Davis states as follows:

Just because the Anderson County Sheriff's Officials say that Plaintiff did not file an [sic] grievance to exhaust his administrative remedies to exhaust his administrative remedies to file a civil action law suit, of course they would say that I did not file a grievance. First of all I presume that they perceived me the plaintiff as being incapable of filing an [sic] civil action lawsuit. I believe that, they prejudged me the plaintiff and took the plaintiff for an [sic] joke.

The plaintiff did file a grievance with the Sheriff Greg Taylor but he did not respond. And yes I expect Mr. Greg Taylor to lie and protect his job and reputation because where integrity is concerned, there in Anderson County Sheriff's Office there is none.

Davis again complains that the video tape footage was not subpoenaed and asserts that the Sheriff has a statutory duty to provide medical care to a county jail detainee.

**V. Discussion**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). If the moving party establishes this, the burden shifts to the non-movant to set forth specific evidence to support his claims. *Franklin v. Samuels*, — F.App'x —, 2017 U.S. App. LEXIS 7305, 2017 WL 1476879 (5th Cir., April 25, 2017), *citing Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

County jail inmates are required to exhaust all available administrative remedies and the Fifth Circuit has upheld the dismissals of lawsuit filed by jail inmates who fail to do so. *Hicks v. Garcia*, 372 F.App'x 557, 2010 U.S. App. LEXIS 7340, 2010 WL 1427376 (5th Cir., April 9, 2010). Summary judgment may properly be granted where the competent summary judgment evidence shows that the prisoner failed to exhaust his administrative remedies. *Stout v. North-Williams*, 476 F.App'x 763, 2012 U.S. App. LEXIS 7579, 2012 WL 1292766 (5th Cir., April 16, 2012).

4

Proper exhaustion is required, meaning the prisoner must not only pursue all available avenues of relief, but must also comply with all administrative deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 89-95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Mere "substantial compliance" with administrative remedy procedures is not enough; instead, prisoners must exhaust administrative remedies properly. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010). All of the steps in a facility grievance procedure must be pursued in order to exhaust administrative remedies. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *see also Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (pre-filing exhaustion is mandatory and the case must be dismissed if available administrative remedies were not exhausted).

The competent summary judgment evidence demonstrates that Davis failed to exhaust his administrative remedies. The Magistrate Judge properly determined that Davis' conclusory assertions of exhaustion cannot overcome the summary judgment evidence. *See Huff v. Neal*, 555 F.App'x 289, 2014 U.S. App. LEXIS 1535 (5th Cir., January 27, 2014) (conclusory allegations of exhaustion, supported only by the plaintiff's conclusory affidavit, are insufficient to raise a genuine issue of material fact), *citing Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986). Because Davis failed to meet the threshold requirement of exhaustion of administrative remedies, the Magistrate Judge did not err by not granting Davis' motion to subpoena the surveillance videos.

Although Davis contends that he "file[d] a grievance with the Sheriff Greg Taylor," this is not the proper procedure and would not serve to exhaust administrative remedies even if Davis had competent summary judgment evidence showing that he did file a grievance with Sheriff Taylor. Under the Anderson County jail grievance procedure, a grievance is filed with the jail lieutenant, appealed to the captain, and then appealed again to the Sheriff. Filing a grievance with the Sheriff, bypassing the first two steps in the grievance procedure, does not constitute "proper exhaustion" and therefore could not satisfy the statutory requirement. *Woodford*, 548 U.S. at 93 (proper exhaustion in compliance with facility's procedures is required); *Johnson*, 385 F.3d at 515 (grievance must be

5

pursued through all available steps of the grievance procedure to be considered exhausted). Davis' objections are without merit.

**VI. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 56) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendant Officer Lumpkin's motion for summary judgment (docket no. 54) is **GRANTED** and the claims against Lumpkin, which are the last remaining claims active in the case, are **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis*. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **17** day of **May, 2017.**

_____
Ron Clark, United States District Judge